IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SANDY J. MICHAEL, ) | CIVIL ACTION NO. 9:09-2565-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.). The Defendant filed a motion to dismiss the Complaint on April 13, 2010, asserting that Plaintiff's Complaint was filed out of time. Plaintiff filed a response in opposition and a supporting affidavit on April 30, 2010. The Defendant did not file a reply brief.

A civil action on any claim arising under Title II or Title XVI of the Social Security Act must be commenced within sixty (60) days of notice of an adverse decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). The date of receipt is presumed to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. §§ 404.901, 422.210(c); see also Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986),



cert. denied, 484 U.S. 820 (1987)[Upholding sixty day time limitation]; Hunt v. Schweiker, 685 F.2d 121, 122-123 (4th Cir. 1982)[same]. The Defendant has attached to his memorandum an affidavit from Marian Jones with the Office of Disability Adjudication and Review, Social Security Administration, wherein Jones attests that the Appeals Council denied review of Plaintiff's adverse administrative decision on July 24, 2009, at which time Plaintiff was notified that she had sixty (60) days to commence a civil action in the United States District Court. Therefore, based upon the sixty (60) days to file an action and the additional five (5) days, Plaintiff had until September 28, 2009 to file this action.[1] Plaintiff filed this action on October 1, 2009, three (3) days past her deadline.

In her affidavit filed as part of her response to the Defendant's motion, Plaintiff attests to the following:

> I did not receive the notice from the Appeals Counsel within five days after it was mailed (July 29, 2009). I did not receive it until August 23, 2009.
>
> During late July and early August, 2009, I was a primary care take of my sister, who has terminal breast cancer. She was in a facility in Alabama during this time. She is currently in a hospice. She is expected to die shortly.
>
> I left South Carolina to take care of my sister on July 24, 2009. I was in Alabama with my sister from July 24 through August 22, 2009. I could not check my mail because I was in Alabama. I returned to my home in South Carolina on August 22, 2009. I checked my mail when I returned.
>
> I did not receive the Appeals Council notice until August 23, 2009 when I returned home and checked my mail. I usually check my mail regularly. However, the post office box is mine alone. I am separated from my husband and have filed for divorce. No one else has a key or checks the mail for me.
>
> In addition, because of my time in Alabama and all that was going on with my sister's illness, it was difficult for me to be in regular contact with anyone, including my attorney.

---

[1] Since September 27, 2009 was a Sunday, Petitioner had until the following Monday.

2



See Michael Affidavit, ¶¶ 3-7.

Equitable tolling of the limitations period may be appropriate under some circumstances; Bowen v. City of New York, 476 U.S. 467, 480 (1980); Torres v. Barnhart, 417 F.3d 276, 279, 281-282 (2nd Cir. 2005); and may be justified when good cause can be shown for missing a deadline. See 20 C.F.R. § 404.911. Significantly for purposes of this case, examples of good cause under § 404.911 include situations where "[t]here was a death or serious illness to your immediate family." Considering the assertions of good cause shown in Plaintiff's affidavit (none of which have been contested by the Defendant), and the fact that Plaintiff was only three (3) days late in filing this case based upon the presumptive receipt date, the undersigned finds that Plaintiff has set forth sufficient good cause to merit relief. Bowen, 476 U.S. at 480; Torres, 417 F.3d at 279, 281-282; see also Chiappa v. Califano, 480 F.Supp. 856, (S.D.N.Y. 1979); see also 20 C.F.R. § 404.911.

Therefore, it is recommended that the Defendant's motion to dismiss Plaintiff's Complaint as having been filed out of time be **denied**.

_____
Bristow Marchant
United States Magistrate Judge

December 14, 2010
Charleston, South Carolina



3