IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sandy J. Michael, | ) | |
|     Plaintiff, | ) | C.A. No.: 9:09-cv-02565-RBH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

    Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied social security benefits. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

Neither party has filed objections to the Report and Recommendation.[1] In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's Complaint as having been filed out of time is denied.

---

[1] As a matter of fact, on December 28, 2010, Defendant filed a notice of intent not to file objections, in which Defendant stated that he "[would] not be filing objections to the Magistrate Judge's Report and Recommendation. Reply [Docket Entry 17] at 1. However, the court does note that Defendant also stated in the Reply that he "respectfully ask[ed] the Court to dismiss Plaintiff's Complaint as having been filed out of time." *Id*. To the extent this statement could be construed as an objection, it is conclusory and non-specific. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (holding that the court need not conduct *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").

**IT IS SO ORDERED.**

          s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 5, 2011